# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1098V
(not to be published)

| | |
|---|---|
| DEANNA GOULD,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kristina E. Grigorian*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner..

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On July 26, 2018, Deanna Gould ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered right SIRVA after administration of the flu vaccine on October 17, 2017. (Petition at 1). On March 4, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 33).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 2, 2020, (ECF No. 38), requesting a total award of $32,997.28 (representing $31,400.70 in fees and $1,596.58 in costs). Pursuant to General Order #9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 38-4). Respondent reacted to the motion on July 7, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 39). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests the following rates for his attorneys at the following rates: for Kristina Grigorian, $250 per hour for 2018, $292 per hour for 2019, and $340 per hour for time billed in 2020; and for Jeffrey Pop, $420 per hour for 2018, $453 per hour for 2019, and $470 per hour for 2020. (ECF No. 38 at 2-3). Petitioner also requests paralegal rates of $132 – $155 per hour, based the year the time was billed. (*Id*). The 2018 and 2019 rates for Ms. Grigorian, Mr. Pop and the paralegals have been previously awarded, and I find no cause to deviate from those rates. I also find Mr. Pop's requested rate increase for 2020 to be reasonable and award it herein.

However, I will make an adjustment for Ms. Grigorian's 2020 requested rate. Although that rate is within the appropriate experience range utilized by the Office of Special Masters,[3] and although Ms. Grigorian's work justifies a rate increase, the degree of increase requested herein is somewhat high. Rather, relying on the factors set forth in *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large), a somewhat lesser increase to $325 per hour is more appropriate for her time billed in 2020, and also more consistent with the magnitude of prior increases. This reduces the attorney fees to be awarded in this case by the amount of **$96.00**.[4]

## ATTORNEY COSTS

Petitioner requests $1,596.58 in overall costs. (ECF No. 38-2 at 2). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of $32,901.28 (representing $31,304.70 in fees and $1,596.58 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[3] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

[4] This amount consists of $340 - $325 = $15 x 6.4 hrs = $96.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
